UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROSE MARIE WAGGONER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV1349 RWS |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This recently-reassigned case is before me on my review of the file and the Order and Recommendation filed by the Honorable David. D. Noce, Magistrate Judge, on November 18, 2013. This case was initially assigned to Judge Noce when it was filed on July 15, 2013. It has been reassigned to me because Judge Noce lacked the full consent of the parties to hear the case under 28 U.S.C. § 636(c). However, in instructing the Clerk of the Court to reassign this case to a district judge, Judge Noce also filed a Recommendation that the pending motions to dismiss be granted and this action be dismissed. I have reviewed the file and the pending motions and responses de novo under the applicable law, and I too conclude that this action should be dismissed for the reasons set out by Judge Noce in his November 18, 2013, Order and Recommendation. In particular, I agree that plaintiffs' § 1983 claims are plainly barred by the statute of limitations and that the United States and Missouri have not waived their sovereign immunity from suit. I also agree that plaintiffs' vague, conclusory, and incomprehensible complaint fails to state federal claims against the defendants. Therefore, I am granting the pending motions to dismiss and/or for summary judgment to the extent they seek dismissal of plaintiffs' federal claims for the same reasons suggested by Judge Noce in his November 18,

2013 Order and Recommendation.

Without addressing the adequacy of plaintiffs' state law claims, I decline to exercise jurisdiction over them.  Generally, this Court only has jurisdiction to adjudicate claims based on either federal subject matter jurisdiction or diversity jurisdiction.  28 U.S.C. §§ 1331 & 1332.  However, a "federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them all in one place."  Carnegie-Mellon University v. Cohill, 484 U.S. 343, 349 (1988); see also 28 U.S.C. § 1367.  Upon a determination that defendant is entitled to summary judgment on plaintiffs' federal claim, the Court has discretion to dismiss without prejudice plaintiffs' attendant state law claims so that plaintiffs may pursue them in state court.  See Miner v. Local 373, 513 F.3d 854, 866 (8th Cir. 2008); Willman v. Heartland Hospital East, 34 F.3d 605, 613-14 (8th Cir. 1994) (district court did not abuse discretion in declining to exercise jurisdiction over state law claims when it granted summary judgment to defendants less than two weeks before trial); Rushing v. Simpson, 2009 WL 4825196, *9 (E.D. Mo. Dec. 11, 2009) (discretionary dismissal of state law claims upon decision to grant summary judgment to defendants on federal claims).  For these reasons, the Court, in its discretion, dismisses plaintiffs' state law claims without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that all pending motions to dismiss and/or for summary judgment [#13, #17, #20, #26, #35, #40] are granted to the extent they seek dismissal of plaintiffs' federal claims, and plaintiffs' federal claims against defendants are hereby dismissed.  To the extent the pending motions seek dismissal of plaintiffs' state claims, they are denied without prejudice as moot.

**IT IS FURTHER ORDERED** that plaintiffs' state law claims are dismissed without prejudice.

**IT IS FURTHER ORDERED** that all remaining pending motions [#20-1, #23, #24] are denied as moot.

A separate Judgment is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of November, 2013.